

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00282-CR

_____

Ex parte Michael Lee Sharpe

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. C0011658-1836829

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Michael Lee Sharpe appeals from the trial court's denial of his application for pretrial habeas corpus relief. In one point, Sharpe argues that the statute under which he has been charged—Texas Penal Code Section 46.04, Texas's felon-in-possession statute—is facially unconstitutional because it infringes on his Second Amendment right to keep and bear arms. *See* U.S. Const. amend. II; Tex. Penal Code Ann. § 46.04. We have recently rejected this argument, *see Ex parte Huell*, No. 02-24-00315-CR, 2024 WL 5083192, at *1, *3 (Tex. App.—Fort Worth Dec. 12, 2024, no pet. h.), and we will reject it again. Accordingly, we will affirm the trial court's order denying Sharpe's application for pretrial habeas corpus relief.

### II. BACKGROUND

In March 2005, Sharpe was convicted of the felony offense of aggravated assault with a deadly weapon. As a convicted felon, Sharpe was subject to the strictures of Texas's felon-in-possession statute. *See* Tex. Penal Code Ann. § 46.04.[1]

---

[1]That statute provides, in pertinent part:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

  (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

On February 8, 2023, Sharpe was involved in an alleged theft of a store in Burleson. After the theft, Burleson police officers followed Sharpe from Burleson to Fort Worth, where Sharpe was detained. Police searched the vehicle that Sharpe had been traveling in, and they discovered a firearm. Sharpe told police that he had the firearm "for his protection" because he was "an older person."[2]

Sharpe was later indicted for unlawful possession of a firearm by a felon. *See id.* The underlying felony for that charge was Sharpe's March 2005 conviction for aggravated assault with a deadly weapon.[3]

Following his indictment, Sharpe filed an application for pretrial habeas corpus relief. In his application, Sharpe alleged that Section 46.04 is unconstitutional on its face because it infringes on a person's right to keep and bear arms.[4] The State

---

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

*Id.* § 46.04(a).

[2]The record reflects that Sharpe was born on September 1, 1958.

[3]When Sharpe was originally indicted for unlawful possession of a firearm by a felon, the underlying felony listed in the indictment was a June 2010 conviction for the felony offense of possession of a controlled substance of less than one gram. He was later re-indicted, and the underlying felony was changed to the March 2005 conviction for aggravated assault with a deadly weapon.

[4]Although the introduction to Sharpe's application stated that it was "brought pursuant to" the federal constitution and Article I, Section 12 of the Texas Constitution, the remainder of his application asserted only that Section 46.04 violates the federal constitution. Moreover, Sharpe did not argue that the Texas Constitution provides any greater protection of his right to keep and bear arms than the federal

3

responded to Sharpe's application, arguing that Section 46.04 is not unconstitutional on its face.

The trial court later conducted a hearing on Sharpe's application. During the hearing, the parties discussed whether the trial court should postpone a ruling on Sharpe's application until after the United States Supreme Court handed down a decision in *United States v. Rahimi*, a case pending before the Court that involved a person's right to possess a firearm while subject to a domestic violence restraining order. *See* 602 U.S. 680, 144 S. Ct. 1889 (2024). The trial court ultimately took Sharpe's application under advisement.[5] After the United States Supreme Court handed down its decision in *Rahimi*, the trial court signed an order denying Sharpe's application for habeas relief. This appeal followed.

## III. DISCUSSION

In his sole point, Sharpe argues that Section 46.04 is facially unconstitutional because it infringes on his Second Amendment right to keep and bear arms.

---

constitution. *See* Tex. Const. art. I, § 23 (stating that "[e]very citizen shall have the right to keep and bear arms in the lawful defen[s]e of himself or the State" but expressly providing that "the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime").

[5]In both parties' respective briefs to this court, they represent that they came to an agreement in the trial court to postpone the trial court's ruling on Sharpe's habeas application until after the *Rahimi* decision.

## A. Standard of Review

We review de novo a challenge to the constitutionality of a statute. *Valdesgalvan v. State*, 664 S.W.3d 407, 411 (Tex. App.—Fort Worth 2023, no pet.). We will presume that the statute complies with both the Texas and federal constitutions. *Dunham v. State*, 666 S.W.3d 477, 484 (Tex. Crim. App. 2023). The party challenging the constitutionality of a statute bears the burden of establishing the statute's unconstitutionality. *Vandyke v. State*, 538 S.W.3d 561, 570–71 (Tex. Crim. App. 2017); *Valdesgalvan*, 664 S.W.3d at 411. To successfully make a facial challenge to the constitutionality of a statute, a party must demonstrate that "no set of circumstances exists under which the statute would be valid." *Valdesgalvan*, 664 S.W.3d at 411; *see Estes v. State*, 546 S.W.3d 691, 697–98 (Tex. Crim. App. 2018). "Given this high burden, a facial challenge is 'the most difficult challenge to mount successfully.'" *Allen v. State*, 614 S.W.3d 736, 741 (Tex. Crim. App. 2019) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100 (1987)).

## B. Analysis

In *Huell*, we recently rejected the same argument that Sharpe makes in this appeal—that Section 46.04 is facially unconstitutional because it infringes on a person's Second Amendment right to keep and bear arms. 2024 WL 5083192, at *1. We examined "controlling United States Supreme Court case law" regarding the issue, and we ultimately concluded that "the Second Amendment does not prohibit the government's restriction of firearm possession by convicted felons." *Id.* at *1, *3.

5

We first examined the Supreme Court's opinion in *Heller*. *Id.* at *2 (discussing

*District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008)). As we explained,

> The United States Supreme Court stated in *Heller* that the Second Amendment protects the "right of *law-abiding*, responsible citizens" to possess firearms "in defense of hearth and home" and that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." [*Heller*, 554 U.S. at 626, 635, 128 S. Ct. at 2816] (emphasis added). In fact, the Court referred to those prohibitions as "presumptively lawful regulatory measures." *Id.* at 627 n.26, 128 S. Ct. at 2817 n.26.

*Id.*

We then examined the Supreme Court's opinion in *Bruen*. *Id.* (discussing *N.Y.*

*State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022)). As we

explained,

> Then, in *Bruen*, the Supreme Court created a new historical analysis test for evaluating regulations on an individual's right to bear arms. 597 U.S. at 24, 142 S. Ct. at 2130. The Court focused its analysis on the right of "ordinary, law-abiding citizens" to carry a firearm outside the home. *Id.* at 9, 29, 70, 142 S. Ct. at 2122, 2132–33, 2156 (noting that previous United States Supreme Court cases had "point[ed] toward at least two metrics" for evaluating the constitutionality of gun regulations—"how and why the regulations burden a *law-abiding citizen's* right to armed self-defense"—and holding that New York's firearm licensing requirement "violates the Fourteenth Amendment in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms" (emphasis added)); *see id.* at 81, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (reiterating *Heller*'s statement that nothing in that opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). *Bruen* did not overrule *Heller*'s statement that "nothing in [that] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Heller*, 554 U.S. at 626, 128 S. Ct. at 2816–17.

*Id.*

6

We then turned to the Supreme Court's recent opinion in *Rahimi*. *Id.* at *3

(discussing *Rahimi*, 602 U.S. at 698–99, 144 S. Ct. at 1901–02). As we explained,

> Most recently, in *Rahimi*, the Court upheld a federal law temporarily disarming persons subject to restraining orders. 602 U.S. at 697–98, 144 S. Ct. at 1901. The Court conducted a historical analysis and concluded that two categories of historical laws "confirm[ed] what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id.*, 144 S. Ct. at 1901. In considering Rahimi's arguments and clarifying *Bruen*'s holdings, the Court had the opportunity to reject its previous statements about laws restricting firearm possession by felons. Instead, the Court again pointed out its statement in *Heller* that prohibitions on the possession of firearms by felons are presumptively lawful. *Id.* at 699, 144 S. Ct. at 1902 (rejecting Rahimi's argument that *Heller* had invalidated absolute prohibitions of handguns in the home, stating, "*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons['] . . . , are 'presumptively lawful.'").

*Id.*

Finally, we looked to other Texas cases and out-of-state cases that had spoken

on the issue of a felon's right to keep and bear arms. *Id.* We stated,

> [W]e agree with the El Paso Court of Appeals that "it remains unnecessary to engage in the historical analysis test articulated in *Bruen*" because the United States Supreme Court "[has] left generally undisturbed the regulatory framework that keeps firearms out of the hands of dangerous felons." *Swindle v. State*, No. 08-23-00057-CR, 2023 WL 7171472, at *4 (Tex. App.—El Paso Oct. 31, 2023, pet. ref'd) (mem. op., not designated for publication); *see also Ex parte Strickland*, No. 12-24-00031-CR, 2024 WL 4471121, at *4 (Tex. App.—Tyler Oct. 9, 2024, [pet. filed]) (concluding that "if, as alleged in the indictment, the State proves that Appellant is a convicted felon, then he is not a law-abiding citizen entitled to Second Amendment rights under *Bruen*"); *cf. State v. Bonaparte*, 554 P.3d 1245, 1250 (Wash. Ct. App. 2024) (holding that *Bruen*'s framework applies to restrictions on a law-abiding citizen's right

7

to bear arms and was not applicable to the defendant, who had been convicted of felony assault); *People v. Anderson*, 324 Cal. Rptr. 3d 661, 666 (Cal. Ct. App. 2024) (noting that "*Rahimi* reaffirms the portion of *Heller* that cautions, 'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill'"); *People v. Burns*, 2024 IL App (4th) 230428, ¶ 21 (holding that the "[S]econd and [F]ourteenth [A]mendments protect the right of 'law-abiding citizens' to possess handguns," that "*Bruen*'s historical-tradition test applies to regulations affecting law-abiding citizens' possession of firearms," and that "[a]s a felon, defendant, by definition, is not a law-abiding citizen").

*Id.*

In sum, we have already rejected the argument that Sharpe posits through this appeal, and in light of controlling authority on the issue, we reject it again. *See id.* (holding that "Section 46.04 is not unconstitutional on its face"); *see also Medina v. State*, No. 13-23-00198-CR, 2024 WL 4784394, at *6 (Tex. App.—Corpus Christi–Edinburg Nov. 14, 2024, no pet. h.) (mem. op., not designated for publication) (rejecting the argument that Section 46.04 is unconstitutional on its face).

We overrule Sharpe's sole point.

## IV. CONCLUSION

Having overruled Sharpe's sole point, we affirm the trial court's order denying his application for pretrial habeas corpus relief.

8

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 19, 2024